UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DENNIS WAYNE CARLYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    1:11-cv-1151-JMS-DKL |
| | ) |
| MICHAEL FOGARTY, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [2] is **granted** to the extent that he shall be permitted to pay the filing fee in ten installments of $35.00. The first such installment shall be paid no later **than November 21, 2011,** and each installment thereafter shall be paid on or before the 20th day of each subsequent month. The full filing fee is $350.00.

**II.**

Plaintiff Dennis Wayne Carlyle filed this civil rights action against defendants Michael Fogarty, Chief of Police, Carmel Metropolitan Police Department, Michael Spears, Chief of Police, Indianapolis Metropolitan Police Department (IMPD), and Bradley Craig, Police Officer, IMPD. Specifically, Carlyle alleges violations of Article 1, Sections 11 and 12 of the Indiana Constitution, and the Fourth and Fourteenth Amendments of the United States Constitution. He seeks declaratory, monetary and injunctive relief. His claims are brought pursuant to 42 U.S.C. § 1983.

**III.**

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. As submitted, certain claims must be dismissed for failure to state a claim upon which relief can be granted.

Any claim for damages asserted directly under the Indiana Constitution is **dismissed** because there is no private cause of action for damages under the Indiana Constitution. *See Kucenko v. Marion Cnty. Sheriff*, 2007 WL 1650939 (S.D.Ind. June 1, 2007); *Estate of O-Bryan v. Town of Sellersburg,* 2004 WL 1234215 at *21 (S.D. Ind. May 20, 2004); *Ratliff v. Cohn*, 693 N.E.2d 530, 542 (Ind. 1998) (Aparticularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges.@) (emphasis in original); *Bailey v. Washington Theater Co.,* 34 N.E.2d 17, 19-20 (Ind. 1941). As the Indiana Supreme Court noted in *Cantrell v. Morris*, there is no need to create a new cause of action when existing tort law amply protects a right guaranteed by the Indiana Constitution. 849 N.E.2d 488, 498 (Ind. 2006) ("a constitutional provision can supply the duty required for a conventional tort claim"); *see also Branson v. Newburgh Police Dept.,* 2011 WL 2845589, 8 (S.D.Ind. 2011).

### IV.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 10/13/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

Distribution:

Dennis Wayne Carlyle
9425 North Meridian Street
Ste. # 230
Indianapolis, IN 46260

Michael Fogarty, Chief of Police
Carmel Police Department
3 Civic Square
Carmel, IN  46032-7570

Michael Spears, Chief of Police
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204

Officer Bradley Craig
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204