UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DENNIS WAYNE CARLYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1151-JMS-DKL |
| | ) | |
| MICHAEL FOGARTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Granting Motion for Summary Judgment of Defendant Michael Fogarty

Dennis Wayne Carlyle filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution. Other claims have been dismissed. He seeks declaratory, monetary and injunctive relief.

One of the defendants is former Carmel Chief of Police Michael Fogarty ("Chief Fogarty"), who is sued in both his individual and his official capacities. Chief Fogarty seeks resolution of Carlyle's claims against him through the entry of summary judgment.

### Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). AThe nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion.@ *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See Fed.R.Civ.P.* 56(c)(1)(A),(B)(both the party Aasserting that a fact cannot be,@ and a party asserting that a fact is genuinely disputed, must support their assertions by Aciting to particular parts of materials in the record,@ or by Ashowing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.@).

Carlyle has not opposed Chief Fogarty's motion for summary judgment. The consequence of this is that he has conceded this defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### Undisputed Facts

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Carlyle as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

As used hereafter in this Entry, "the IMPD" refers to the Indianapolis Metropolitan Police Department. On September 1, 2009, Lt. Dietz of the Carmel Police Department used information obtained in the course of Carlyle's arrest in Carmel for a traffic offense (driving with a suspended license) to issue an Officer Safety Bulletin ("Bulletin") to area law enforcement agencies alerting them that Carlyle may be impersonating a police officer.

The Bulletin just described was transmitted to the IMPD and was used by the IMPD to create and distribute its own Bulletin.

On September 10, 2009, IMPD Officer Craig recognized Carlyle's vehicle with Carlyle driving. Officer Craig observed Carlyle fail to make a complete stop at a stop sign. A traffic stop ensued. Officer Craig determined that Carlyle was driving with a suspended license. Carlyle was placed under arrest.

Chief Fogarty did not review the Bulletin created by Lt. Dietz. He would not ordinarily have done so. Chief Fogarty was not present at Carlyle's arrest by IMPD Officer Craig on September 10, 2009.

## Discussion

As noted, Carlyle's claim against Chief Fogarty is asserted pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim for relief under ' 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004).

Because Avicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.@ *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ALiability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .@).

The undisputed evidence is that Chief Fogarty had no direct or even any indirect involvement in the decision to arrest Carlyle on September 10, 2009, nor in the arrest itself. The evidentiary record does not support Chief Fogarty's personal participation in the alleged violation of Carlyle's rights on September 10, 2009, and nothing else described as having occurred, and nothing else, for that matter, implicated Carlyle's federally secured rights.

It has also been noted that Chief Fogarty is sued in his official capacity. Such a claim is in all respects other than name against the City of Carmel. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), *cert. denied*, 508 U.S. 942 (1993). Although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services,* 436 U.S. 658, 690 (1978), a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91; *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Carlyle has alleged no municipal policy or custom concerning

any constitutional violations. No *Monell* claim is stated in this case and nothing in the evidentiary record would support recovery based on such a claim.

## Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* **118 S. Ct. 1584, 1598 (1998).** This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* **704 F.2d 361, 367 (7th Cir. 1983).** Carlyle has not identified a genuine issue of material fact as to his claim against Chief Fogarty. Accordingly, Chief Fogarty's motion for summary judgment [48] is **granted.**

**IT IS SO ORDERED.**

Date: 02/20/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Dennis Wayne Carlyle
9425 North Meridian Street
Ste. # 230
Indianapolis, IN    46260

Electronically Registered Counsel