## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DENNIS WAYNE CARLYLE,  )  ) | |
| Plaintiff, ) ) | |
| vs. ) ) | 1:11-cv-1151-JMS-DKL |
| MICHAEL FOGARTY, et al., ) ) | |
| Defendants. ) | |

### Entry Granting Defendants Spears' and Craig's Motion for Summary Judgment

Dennis Wayne Carlyle ("Carlyle") filed this civil rights action against defendants Michael Fogarty, Chief of Police, Carmel Metropolitan Police Department, Michael Spears, Chief of Police, Indianapolis Metropolitan Police Department ("IMPD") ("Chief Spears"), and Bradley Craig, Police Officer, IMPD ("Officer Craig"). He sues the defendants in their individual and official capacities. Carlyle asserts claims of unlawful seizure and false arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Other claims have been dismissed. He seeks declaratory, monetary and injunctive relief. His claims are brought pursuant to 42 U.S.C. § 1983.

Chief Spears and Officer Craig seek resolution of Carlyle's claims through the entry of summary judgment. Carlyle has not opposed the motion. The claim against Chief Fogarty is being resolved in a separate ruling issued concurrent with this Entry, and for the reasons explained in this Entry the motion for summary judgment filed by Chief Spears and Officer Craig [44] is **granted.**

### I. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Carlyle has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Carlyle as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment:

On August 22, 2009, Carlyle was arrested by the Carmel Police Department for driving while suspended with a prior conviction. He was found driving a dark blue Chevy Impala with a thin blue line sticker on the back of the vehicle. He was also found to be in possession of police paraphernalia. As a result of this incident, the Carmel Police Department created an Officer Safety Bulletin ("Bulletin"), notifying all law enforcement agencies in Indiana that it suspected Carlyle of being a police impersonator. The Bulletin contained a description and photograph of Carlyle and his vehicle. The IMPD received the Bulletin and subsequently distributed the Bulletin to all of its police officers, including Officer Craig.

On September 10, 2009, Officer Craig was on duty driving his fully marked police vehicle in the area of 7500 Bayview Club Drive in Indianapolis. At approximately 10:30 a.m., Officer Craig observed Carlyle driving a blue 2008 Chevy Impala southbound. Officer Craig recognized the vehicle and Carlyle from the Bulletin he had received only days before.

Officer Craig observed that Carlyle's vehicle failed to make a complete stop at a stop sign while it was exiting an apartment complex. Officer Craig then observed Carlyle proceed into a Walgreens parking lot. Officer Craig activated his emergency lights as Carlyle pulled his vehicle into a parking space. Officer Craig approached Carlyle's vehicle and asked for his identification. Carlyle provided an Indiana identification card. Officer Craig returned to his police vehicle and ran Carlyle's

information on his in-car computer, which confirmed that Carlyle's driver's license was suspended with a prior conviction. As a result, Officer Craig placed Carlyle under arrest, without incident, for a Class A Misdemeanor. Carlyle's vehicle and most of his personal property was released to his wife, who later arrived on scene before Carlyle was transported for booking.

### B. Analysis

Chief Spears and Officer Craig are sued in their official capacities. Such a claim is in all respects other than name against the City of Indianapolis. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992). Although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services,* 436 U.S. 658, 690 (1978), a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91; *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Carlyle has alleged no municipal policy or custom concerning any constitutional violations. No *Monell* claim is stated in this case and nothing in the evidentiary record would support recovery based on such a claim. Therefore, Chief Spears and Officer Craig are entitled to summary judgment as to any official capacity claim.

Carlyle also sues defendants Spears and Craig in their individual capacities.

Carlyle has alleged no facts nor presented any evidence showing that his due process or equal protection rights under the Fourteenth Amendment were violated. Both defendants are entitled to summary judgment as to any separate claim under the Fourteenth Amendment.

The Complaint alleges that Chief Spears knew or should have known that the Carmel Police Department Bulletin was neither based on reasonable suspicion nor probable cause. He further alleges that Chief Spears knew or should have known that the arrest made by Officer Craig was not supported by probable cause. Carlyle has presented no evidence to support these theories. To be liable for damages, an individual must have personally participated in the alleged constitutional deprivation. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (to be liable for the deprivation of a constitutional right, an individual must personally participate in the deprivation or must direct the conduct or have knowledge of and consent to the conduct). Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . . *Monell's* rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.@)(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). Chief Spears did not personally participate in the decision to arrest Carlyle nor in the arrest itself. Moreover, there is no evidence that Chief Spears violated any of Carlyle's federally

secured rights. Therefore, Chief Spears is entitled to summary judgment as to any Fourth Amendment claim asserted against him in his individual capacity.

This leaves for resolution Carlyle's Fourth Amendment claim against Officer Craig in his individual capacity. A finding of probable cause is an absolute defense to a section 1983 claim against an officer for such claim. *Fleming v. Livingston County, Ill.,* 674 F.3d 874, 878 (7th Cir. 2012); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009). "A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within [his] knowledge and of which [he] has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Fleming*, 674 F.3d at 878-79 (internal quotation omitted). "This standard does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable." *Id.* (internal quotation omitted).

A traffic stop must satisfy the Fourth Amendment's reasonableness requirement. *Whren v. United States*, 517 U.S. 806, 810 (1996). "[T]he decision to stop an automobile is reasonable when the police have probable cause to believe that a person has committed a traffic offense." *United States v. Bueno*, 2013 WL 57853, at *5 (Jan. 7, 2013) (it was reasonable for trooper to stop a van after observing it exceed the speed limit). A traffic stop does not violate the Fourth Amendment when the officer has probable cause to believe a driver committed even a minor traffic violation. *United States v. Smith,* 668 F.3d 427, 430 (7th Cir. 2012). Even if an officer has other motivations to conduct the stop, such as investigating other suspected criminal activity, a stop supported by probable cause does not violate the Fourth Amendment. *Id.* (citing *Whren,* 517 U.S. at 813).

The undisputed record shows that Officer Craig observed Carlyle fail to come to a complete stop when driving his vehicle on September 10, 2009. This alone constituted probable cause for Officer Craig to stop Carlyle. In addition, days before the arrest, Officer Craig had received a Bulletin from a neighboring police department providing Carlyle's description and photograph. The Bulletin notified officers that Carlyle had been arrested for driving on a suspended license and was suspected of impersonating a police officer. No evidence has been submitted suggesting that Officer Craig should not have taken the Bulletin at face value. Officer Craig had reasonably trustworthy information upon which to base his belief that Carlyle had committed an offense. Officer Craig verified that Carlyle's license was suspended at the time he was driving. Probable cause existed for Carlyle's arrest. Therefore, Officer Craig in his individual capacity is entitled to summary judgment on Carlyle's Fourth Amendment claim.

## III. Conclusion

Carlyle has not identified a genuine issue of material fact as to any of his claims against Chief Spears and Officer Craig. Accordingly, their motion for summary judgment [44] must be **granted.**

The motion for entry of judgment against plaintiff for his failure to respond [66] is **denied as unnecessary.**

Summary judgment is also being granted in favor of defendant Michael Fogarty. All claims have now been resolved. Judgment dismissing the action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 02/20/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Dennis Wayne Carlyle
9425 North Meridian Street, Ste. # 230
Indianapolis, IN 46260

**Electronically Registered Counsel**