UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS WAYNE CARLYLE,           )
     Plaintiff,           )
                )
    vs.           )     1:11-cv-01151-JMS-DKL
                )
MICHAEL FOGARTY, MICHAEL SPEARS, AND           )
BRADLEY CRAIG,           )
     Defendants.           )

## ORDER

Presently pending before the Court is *pro se* Plaintiff Dennis Wayne Carlyle's Motion to Amend or Reconsider Judgment. [Dkt. 70.] The motion is brought pursuant to Fed. R. Civ. P. 59, and asks the Court to reconsider its February 20, 2013 Orders, [dkts. 67; 68], and Judgment, [dkt. 69], granting summary judgment in favor of Defendants Michael Fogarty, Michael Spears, and Bradley Craig. The Court granted the summary judgment motions after giving Mr. Carlyle five extensions of time to respond to them, and nearly two months after Mr. Carlyle's last extension expired with no response or additional request for an extension filed. Mr. Carlyle now argues that, due to a variety of physical ailments, he was unable to file a response to Defendants' summary judgment motions and requests thirty days to do so. [Dkt. 70 at 1-3.]

In opposition to Mr. Carlyle's motion, Mr. Spears and Mr. Craig argue that Mr. Carlyle had six opportunities to file a response to their summary judgment motion and did not, that Mr. Carlyle does not allege that new evidence has been discovered or that the Court committed a manifest error of law or fact to justify relief from the judgment, and that he has not presented any evidence to show that he would be successful on the merits if the case were reopened. [Dkt. 72 at 1.]

Affording relief through granting a motion for reconsideration brought pursuant to Rule 59 is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," which "is not demonstrated by the disappointment of the losing party'; rather, '[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *United States v. ITT Educ. Servs.*, 2012 U.S. Dist. LEXIS 10512, *23-24 (S.D. Ind. 2012) (citations omitted). A motion for reconsideration is appropriate only "when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered." *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)*, 598 F.Supp.2d 913, 916 (S.D. Ind. 2008).

Mr. Carlyle does not argue that the Court misunderstood him, made a decision outside of the issues presented in the summary judgment motions, or made an error of apprehension, or that a significant change in the law or facts occurred. Indeed, he does not address the Court's decision at all, nor present any argument that the decision is wrong. Instead, he argues only that he has suffered from a host of medical ailments beginning in early November 2012 which prevented him from filing his response to the summary judgment motions. [Dkt. 70 at 2-3.] These ailments include: (1) acute arthritis "resulting in the swelling of both hand, finger joints and kn[u]ckles p[re]venting the use of his hands for typing [and] writing," resulting in a trip to his physician on November 5, 2012; (2) admission to the emergency room at Hancock Memorial Hospital on December 26, 2012 for "acute viral infection [and] fever"; and (3) admission to the emergency room at Hancock Memorial Hospital for severe chest and abdominal pain and a temperature of "110 degrees" on January 31, 2013. [*Id.* at 2.] Mr. Carlyle states in his motion that

he "was able to be released from patient care on April 10th, 2013," [*id.*], although he filed his motion on March 30, 2013.

Even assuming that a showing of inability to respond to the summary judgment motions by the deadline due to a physical ailment would justify reconsideration, Mr. Carlyle's motion fails in any event because the evidence relating to his ailments is not credible, and is not compelling given the extensive deadlines already granted for him to respond to the motions.

First, as to the credibility of his allegations regarding his physical ailments, the Court finds the "Chronological Medical History" that Mr. Carlyle submitted to be a highly suspicious document. The History is not written on letterhead, but rather appears to be a document created by Mr. Carlyle with blanks to be filled in. [Dkt. 70-3.] This is evident from the fact that it contains numerous typos, some of which appear in other filings by Mr. Carlyle. [*See, e.g., id.* at 1 (referring to swelling of "knockles") and dkt. 70 at 2 (stating that Mr. Carlyle suffered from acute arthritis resulting in the swelling of "knockles").] Additionally, the signature on the History appears to be "Jesse Spear," but the typed name is "Jesse Spears" with an "s."

Jesse Spears, M.D.
Attending Physician

This discrepancy is highly concerning, and the Court finds that the History is not credible evidence of Mr. Carlyle's physical ailments.

Second, even if the Court did accept the History as proof of Mr. Carlyle's claimed ailments, the Court finds that the timing of those ailments, coupled with the history of extensions granted to Mr. Carlyle, do not warrant reconsideration. Mr. Carlyle was granted the following

extensions in connection with the summary judgment motions, which were filed on June 28, 2013, [dkts. 44; 48]:

- First extension requested on August 1, 2012, [dkt. 51]; deadline extended to August 30, 2012, [dkt. 52];

- Second and third extensions requested on September 4, 2012, [dkt. 56], and October 1, 2012, [dkt. 57]; deadline extended to October 17, 2012, [dkt. 58];

- Fourth extension requested on October 31, 2012, [dkt. 60]; deadline extended to November 30, 2012, [dkt. 61]; and

- Fifth extension requested on November 30, 2012, [dkt. 62]; deadline extended to December 28, 2012 and Court noted that "[n]o further extensions will be granted absent extraordinary circumstances," [dkt. 65].

The Court has been patient with Mr. Carlyle, granting all five of his requests for extensions to respond to the motions – even when the majority of those extensions were sought after the new deadlines had already passed. But that patience has a limit. Mr. Carlyle could have informed the Court before the final December 28, 2012 deadline expired that he was physically unable to respond to the motions. Instead, he did nothing until a month after the Court granted the motions – and nearly three months after his last December 28, 2012 deadline expired – when he filed the Motion to Amend or Reconsider Judgment. His latest effort is unavailing, as the Court is confident that Mr. Carlyle was given ample opportunity to respond to the motions.

In sum, Mr. Carlyle has not presented any arguments warranting reconsideration under Fed. R. Civ. P. 59. Moreover, the evidence he does present is not credible and does not excuse his failure to respond to the summary judgment motions. Accordingly, the Court **DENIES** Mr. Carlyle's Motion to Amend or Reconsider Judgment, [dkt. 70].

10/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL CITY OF INDIANAPOLIS
awill@indygov.org

Beth Ann Garrison
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

**Distribution via U.S. Mail**:

Dennis Wayne Carlyle
9425 North Meridian Street
Ste. # 230
Indianapolis, IN 46260